**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

R.C., a student with a                                   :
disability, by J.C. and J.C., his                        :        CASE NO.   26-746
Parents,                                                 :
                                                         :        JURY TRIAL DEMANDED
Plaintiffs,                                              :

The North Penn School District,
401 E. Hancock Street
Lansdale, PA 19446

Defendant

## COMPLAINT

Plaintiff, R.C., by and through his parents J.C. and J.C., their attorney, Frederick M. Sstanczak,

Esq., makes the following Complaint against Defendant, North Penn School District as follows:

1. This is a civil rights action for damages arising under 42 U.S.C. § 1983 against the Defendant,

    North Penn School District, for violations of Plaintiff R.C.'s substantive due process rights

    under the Fourteenth Amendment to the United States Constitution that were inflicted on

    Plaintiff, R.C., as a result of a physical assault by another student, M., while attending the

    Hatfield Elementary School, which Defendant North Penn School District operates.  This

    action asserts that the Defendant, acting under color of state law, created or enhanced a

    foreseeable danger to the Plaintiff and failed to take reasonable steps to protect R.C. from

    harm.

## PARTIES

2. Plaintiff, R.C., is a minor who currently resides with his parents, J.C. and J.C., at 12317 Quinn

    Road, Athens, Alabama, 35611.  During all times relevant to this action, R.C. resided with his

    parents at 55 Oakwood Drive, Hatfield, Montgomery County, PA.

3. Defendant, North Penn School District (hereinafter referred to as "NPSD"), is a governmental

1

entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a business address at 401 E. Hancock Street, Lansdale, Pennsylvania, 19446.

4. At all times relevant hereto, Defendant School District was acting by and through its agents, employees, servants, and/or workers, who were acting within the course and scope of their agency, employment, and/or service with Defendant School District.

5. Hatfield Elementary School is within the Defendant School District and, upon information and belief, the administrators, teachers, and staff working at Hatfield Elementary School are agents and/or employees of Defendant School District.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1342 as the action arises under 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution.

7. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391 (b) as the practices and actions of the Defendant leading to the violations of the Plaintiff's substantive due process rights, as alleged herein, took place within the Eastern District of Pennsylvania.  Venue in this Court is proper under 28 U.S.C. §1391(a)in that all parties to this matter were residents of and/or conducted business within the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

8. On or about February 5, 2024, the Plaintiff, R.C., was brutally assaulted by another student, M., in the hallway of the Hatfield Elementary School.  Both students were in the kindergarten class at the time of the assault. Upon information and belief, the Defendant. And its employees had specific knowledge of M's violent proclivities and, more specifically, were aware that M had specifically threatened R.C. before the assault but failed to develop and implement interventions to address M.'s aggressive behavior.

9. On the day of the incident, Ms. Buzzard, an aide assigned to assist R.C. and M., escorted R.C., M., and a third student from their regular education class. taught by Diana Melnick, into the hallway.   An altercation occurred between M and Ms. Buzzard while he was being escorted through the hallway.  At that point, Ms. Buzzard entered a classroom and left all three students unattended.   After Ms. Buzzard left the children in the hallway, M. immediately and aggressively began to run toward R.C. to attack him.  He then caught R.C., knocked him down, and repeatedly kicked R.C. in the head and neck area.  Immediately before the attack on R.C., but after M. broke away from the Aide, the Aide did not attempt to regain control over M. but instead went back into the classroom.

10. The Aide's action in leaving the three students in the hallway unsupervised provided M. with the opportunity to pursue and attack R.C., which he did.   M. then shoved R.C. against a wall in the hallway, causing R.C. to hit his head against the wall.  M. then threw R.C. to the floor and repeatedly kicked and stomped R.C. in the face and head.

11. No attempt was made to intervene and stop the attack on R.C. until after R.C. suffered serious injuries.

12. Immediately after the attack, R.C. was left by himself in the hallway for the school nurse to arrive.  The nurse initially treated R.C.'s injuries in her office but, despite knowing that R.C. suffered repeated blows to his head, did not arrange for him to be treated in a hospital emergency room.

13. Upon information and belief, it is asserted that the kindergarten teacher, and the Aide, Ms. Buzzard, R. C., were aware of M's prior violent behavior, including several instances in which M. assaulted R.C.

14. Despite having knowledge of M.'s prior aggressive behavior and, specifically, M's prior physical assaults on R.C.

15. Defendant NPSD is legally responsible for the development and implementation of the Individual Education Programs (IEPs) of children, including R.C. and M., who have been found to have a disability and require special education services under the Individuals with Disabilities Education Act (IDEA) 20 U.S.C. §1400 *et. seq*.

16. The IDEA and related statutes require that the IEPs of children who exhibit behaviors that interfere with their education or that of others include a behavior plan that is reasonably calculated to address the child's problem behavior.

17. The NPSD failed to adequately address M.'s problem behaviors, including his known propensity for physical aggression against R.C.

18. The attack on R.C. by M. was the direct result of the failure of the NPSD to proactively address M.s behavior, including his known proclivity to attack R.C., by creating and implementing an appropriate and effective behavior management plan as a part of M's IEP or other accommodation plan that may have been in effect.  At a minimum, the NDSD had the obligation to ensure that R.C. would not be placed in an unsupervised setting with M.

19. The North Penn School District's failure to adequately address M's assaultive behavior through the development and implementation of appropriate interventions acted with deliberate indifference toward R.C.'s rights and safety.

20. Since the assault described herein, R.C. has been diagnosed with Post Traumatic Stress Disorder (PTSD), which is manifested by a reluctance to make friends with his age peers.  He reacts aggressively toward peers if he believes they intend to harm him.  This is virtually the opposite of his willingness to make friends and interact positively with his peers before the incident.

21. Since the attack that he experienced in Hatfield Elementary School, R.C. has not been able to initiate or maintain peer friendships and has become socially isolated within his peer group.

4

He sees other children as a threat, which prevents him from engaging in positive interactions with children his age at social events, such as birthday parties, or in the community, such as at community playgrounds.

22. Accordingly, the North Penn School District should be held liable for the injuries that R.C. has suffered and continues to suffer as a result of its failure to address a known danger to R.C.

**COUNT I**

**VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS BY THE NPSD UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION FOR INJURIES CAUSED BY A STATE-CREATED DANGER ENFORCEABLE UNDER 42 U.S.C. § 1983**

23. The foregoing allegations in this Complaint are fully incorporated herein.

24. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of Defendant School District that resulted in the injuries suffered by R.C.

25. All acts taken by Defendant NPSD were taken under color of law as defined by 42 U.S.C. § 1983, in its official capacity, and under the statutes, ordinances, policies, practices, customs, regulations and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

26. Plaintiff, R.C., at all times relevant to this action, had a substantive and procedural right to remain free from exposure to a state-created danger, which was likely to cause harm to him as a result of placing him in the same class and under the supervision of the same educational aide as M., given the documented history of M.s assaultive behavior against R.C.

27. The Defendant School District created an unreasonable risk of injury, thereby exposing R.C. to foreseeable harm in that:

5

a.  Defendant NPSD failed to develop and/or implement an adequate intervention plan to address M.'s violent behavior and, in particular, M.'s past history of physically assaulting and threatening R.C.

b.  Defendant, NPSD, failed to provide proper training and supervision of its staff, and specifically the aide, regarding the need to provide student M. with continual supervision, especially when M. and R.C. were in close proximity to one another.

c.   Defendant, NPSD failed to provide adequate training and supervision of its educational staff, including R.C.'s and M's classroom teacher, on how to intervene in a physical altercation and assault, such as the assault of R.C. by M.

**WHEREFORE:**  Plaintiff demands judgment in his favor and against the Defendant, NPSD, in a sum in excess of the jurisdictional threshold in compensatory damages, delay damages, and for all other damages as may be permitted pursuant to applicable law, together with interest erest, costs and attorney's fees pursuant to 42 U.S.C. § 1988(b).

## COUNT II

### VIOLATION OF PLAINTIFF'S RIGHT UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BASED ON MUNICIPAL LIABILITY

28.  Plaintiff hereby incorporates all preceding paragraphs of this Complaint by reference as though fully set forth at length herein.

29. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 that challenges the constitutionality of the actions of Defendant School District that resulted in the injuries suffered by V.T.

30. Defendant School District is a state actor as defined in 42 U.S.C. § 1983.

31. All acts taken by Defendant School District were taken under color of law defined by 42 U.S.C.

§ 1983, were under the pretense and color of law in their official capacity, and under the statutes, ordinances, policies, practices, customs, regulations, and/or usages of Defendant School District and/or the Commonwealth of Pennsylvania.

32. Defendant School District is a municipal entity that is subject to suit pursuant to 42 U.S.C. §1983.

33. At all times relevant hereto, Plaintiff R.C.. possessed a liberty interest in the freedom from injury to human dignity and bodily integrity, which rights are secured under the 4th and 14th Amendments to the Constitution of the United States, and by 42 U.S.C. §1983.

34. Defendant NPSD is responsible for all facets of school operations and programs in the NPSD, including the staffing and training of key positions (such as administrators) and the provision of security for its students. As such, it maintains policies and customs regarding student-on-student threats and violence, the prompt reporting and investigation of complaints, and disciplinary actions.

35. The District is also responsible for implementing the Federal and State laws governing the provision of special education services to its students with disabilities, including the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and the Americans with Disabilities Act, 42 U.S.C. § 12101 and the implementing regulations under those statutes.  Such responsibilities include developing and implementing policies and procedures, establishing customs within the District for this purpose, and providing training for District employees responsible for delivering special education services and reasonable accommodations to eligible students.

36. Defendant NPSD took actions and failed to act in a manner that constituted a violation of R.C.'s constitutional right to remain free of the threat of serious harm and of actual harm while he was in the custody and care of Defendant NPSD.

37. The harm that R.C. incurred, as described herein, was foreseeable to the District in that the District personnel were aware of repeated instances where previously physically attached R.C. and where M. had made threats to attack him.

38. The failure of Defendant NPSD to take action to address M's behavior and to put in place measures to safeguard against further assaultive behavior against R.C. was deliberately indifferent to R.C.'s safety and well-being.

**WHEREFORE**, Plaintiff demands judgment against Defendant North Penn School District in a sum in excess of the jurisdictional threshold in compensatory damages, delay damages, and for all other damages as may be permitted pursuant to applicable law, together with interest, costs, and attorney's fees pursuant to 42 U.S.C. § 1988(b).

Plaintiff demands a trial by jury of all claims in this action that are so triable.

Respectfully submitted,

/s/ Frederick M. Stanczak
Frederick M. Stanczak
Attorney At Law
59 Creek Drive
Doylestown, PA  18901
215 340 5000
PA Bar No. 27773

Date: February 5, 2026